**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER RAFAEL HARO-AGUILAR,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, U.S. Attorney General,<br><br>Respondent. | No.   22-591<br>Agency No.  A202-055-927<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Javier Rafael Haro-Aguilar, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his motion for a continuance and

denying his application for cancellation of removal.  We have jurisdiction under

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion for a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review de novo questions of law and claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion in denying Haro-Aguilar's motion for a continuance where he failed to show good cause. *See* 8 C.F.R. § 1003.29; *see also Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (factors to consider in good cause analysis); *Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion in denying continuance where relief was not then immediately available). Haro-Aguilar's contentions that the agency applied an incorrect standard, failed to sufficiently explain its decision, and failed to consider evidence lack merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and substantial prejudice are required to prevail on a due process claim).

We decline to reach Haro-Aguilar's challenges to the agency's determination that he failed to establish exceptional and extremely unusual hardship that were raised for the first time in his reply brief. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues raised for the first time in the reply brief are waived).

**PETITION FOR REVIEW DENIED.**